# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| KEITH A. CAVANAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 2:10-CV-18 JVB |
| v. | ) |
| | ) |
| FEDEX GROUND PACKAGE | ) |
| SYSTEM, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Defendant FedEx Ground Package System, Inc.'s Motion to Dismiss (DE 8), filed on February 10, 2010. Defendant is represented by counsel. Plaintiff is representing himself *pro se*.

**A.     Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Because Plaintiff is proceeding *pro se*, his complaint "'is to be liberally construed'" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429, 429 U.S. 97, 106 (1976)). However, "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)).[1] As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1940 (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**B.    Background and Facts**

Plaintiff, representing himself, filed an employment discrimination complaint against Defendant FedEx Ground on January 13, 2010, alleging violations of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Americans With Disabilities Act, as well as a violation of his equal rights under the law. (DE 1, Compl. at 2.)  In

---

[1] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

his Complaint, Plaintiff identifies his legal claim as "physical & mental threats, age discrimination, sexual slur (such [as you're] gay), 5 out of 11 unload dept. emp's were favored by unload p/l supervisor due to race & church affiliation and [defamation] of character!" *Id.*

In subsequent documents filed in the case, Plaintiff provides more details about his experience at FedEx. (See DE 11; DE 13.) Also, Plaintiff indicates that further details of the illegal employment actions allegedly committed against him by FedEx Ground are included in earlier records he filed with the Equal Employment Opportunity Commission ("EEOC") and the Indiana Civil Rights Commission ("ICRC"). However, those writings have not been included with his Complaint in this case.

## C. Analysis

Plaintiff has not satisfied the standard required for an adequate pleading, even for a *pro se* litigant. *See Brooks*, 578 F.3d at 581 (Three factors listed to help evaluate sufficiency of a pleading to overcome a motion to dismiss). The lack of details in the Plaintiff's Complaint fail to provide Defendant proper notice of the claim. *See Id.* Courts are not to accept mere "conclusory legal statements" as sufficient pleading, nor "factual allegations . . . so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Id.* The act of checking off statutory claims on a form Complaint is merely Plaintiff's conclusion that the statutes were violated. These are legal conclusions not entitled to acceptance as true. *Iqbal*, 129 S.Ct. at 1949–50. Plaintiff's "statement of legal claim" offers similar conclusory statements. First, Plaintiff identifies "physical & mental threats," but fails to provide any information as to what these threats entailed. Second, he states simply "age discrimination," but does not mention

3

any factual allegations to support that claim. Third, Plaintiff identifies "sexual slurs" and mentions a reference to an allegation that he is gay, but he does not tie this to any legal claim. Finally, Plaintiff claims that "5 out of 11 unload dept. emp's were favored by unload p/l supervisor due to race & church affiliation." The claim of favorable treatment is a mere conclusion unsupported by any factual allegations as to what that favoritism involved. "It is the conclusory nature of [Plaintiff]'s allegations . . . that disentitles them to the presumption of truth." *Id.* At 1951.

**D. Conclusion**

Defendant's Motion to Dismiss (DE 8) is granted. The Court gives Plaintiff leave to file an amended complaint by July 2. If Plaintiff fails to do so, the Court will dismiss this case without further notice.

In his amended Complaint, should he opt to file one, Plaintiff should include the details relevant to his claims, or include as attachments copies of the letters already filed with the EEOC and ICRC if those letters include information that would make a "claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

SO ORDERED on June 11, 2010.

   S/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE